IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| DONNIA L. GRIFFIN, | ) | Civil Action No. 3:05-1299-MBS-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This case is before the Court pursuant to Local Rule 83.VII.02, et seq., D.S.C., concerning the disposition of Social Security cases in this District. Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claims for Supplemental Security Income and Disability Insurance Benefits.

On September 15, 2005, the Commissioner filed a motion to dismiss or, in the alternative, motion for summary judgment. The Commissioner contends that Plaintiff failed to timely file this action in this Court. Plaintiff filed a reply on September 29, 2005, in which she claims that she timely submitted this action to this Court. Supporting documentation was filed on April 12, 2006.

DISCUSSION

The Social Security Act provides that civil actions seeking judicial review of a final decision of the Commissioner must be commenced within sixty days after the mailing of a notice

of the decision.  See  42 U.S.C.A.  § 405(g).[*]  An action is "commenced" when a complaint is filed with the court.  See Fed.R.Civ.P. 3.  This statute of limitations is not jurisdictional and is subject to equitable tolling.  See Bowen v. City of New York, 476 U.S. 467, 478-80(1986).

On April 22, 2004, an Administrative Law Judge issued a decision denying Plaintiff's claims for benefits.  Plaintiff filed a request for review of the ALJ's decision and on February 23, 2005, the Appeals Council denied Plaintiff's request and notified Plaintiff that she had a right to file a civil action within 60 days of receipt of the Appeals Council's notice.  See Declaration of Robin M. Marquis.

The parties agree that, based on the five day presumption, the sixty-day period began on March 1, 2005, and for this action to have been timely commenced, Plaintiff had to file this action on or before April 29, 2005.   Plaintiff contends that she mailed the Summons and Complaint to the United States District Court on April 26, 2005 via certified mail and that the Court received the Complaint on April 29, 2005.  She has submitted "Track and Confirm" search results from the United States Postal Service and a copy of the certified mail form purportedly indicating that the Complaint was received by the United States District Court in Charleston, South Carolina on April 29, 2005.

---

[*]This statute of limitations has been modified by the regulations so that it begins to run only upon receipt of the notice rather than upon its mailing.  See 20 C.F.R. § 422.210(c).  The regulations  provide, however, that receipt is presumed to be five days after mailing, unless there is a "reasonable showing to the contrary."  Id.  If the plaintiff rebuts the five-day presumption, the Commissioner has the burden of showing that the plaintiff received actual notice within the time provided in the regulations.  See McCall v. Bowen, 832 F.2d 862, 864 (5th Cir.1987).

Viewed in the light most favorable to Plaintiff, the Clerk of Court received her Complaint for filing on April 29, 2005. "A civil action is commenced by filing a complaint with the court. Fed. R. Civ. P. 3. The filing of papers with the court as required by the Federal Rules of Procedures is made by filing them with the clerk of court. Fed. R. Civ. P. 5(e). Filing is complete once the document is delivered to and received by the proper official. <u>United States v. Lombardo</u>, 241 U.S. 73, 76 (1916).

## CONCLUSION

RECOMMENDED that Defendant's motion to dismiss or for summary judgment (Doc. 6) be denied.

                                              Respectfully submitted,

                                              s/Joseph R. McCrorey
                                              United State Magistrate Judge

May 17, 2006
Columbia, South Carolina