IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| DONNIA L. GRIFFIN,            )<br>                              )<br>            Plaintiff,        )<br>                              )<br>        vs.                   )<br>                              )<br> MICHAEL J. ASTRUE,           )<br> COMMISSIONER OF SOCIAL       )<br> SECURITY ADMINISTRATION,[1]  )<br>                              )<br>            Defendant.        )<br>_____) | C/A No.: 3:05-1299-MBS-JRM<br><br><br><br><br><br>**OPINION AND**<br>**O R D E R** |

Plaintiff Donnia L. Griffin filed her application for disability insurance benefits and supplemental security income payments on September 17, 2002, with a protective filing date of September 12, 2002. (Tr. 17.) Her application was denied initially and on reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"). The ALJ held a hearing on December 11, 2003. The ALJ issued a decision dated April 22, 2004, in which he concluded that Plaintiff's impairments do not prevent her from performing a significant number of jobs available in the national economy. Accordingly, the ALJ determined that Plaintiff is not entitled to a period of disability, Disability Insurance Benefits, and not eligible for Supplemental Security Income payments under Sections 216(I), 223, 1602, and 1614(a)(3)(A) respectively, of the Social Security Act. Plaintiff requested a review of the hearing decision on May 24, 2004. The decision of the ALJ became the "final decision" of the Commissioner when it was adopted by the Appeals Council on

---

[1] As noted in Defendant's Objections to the Magistrate Judge's Report, Michael J. Astrue became the Commissioner of Social Security on February 12, 2007. As such, Michael J. Astrue is substituted for Commissioner JoAnne B. Barnhart as defendant in this suit. See Fed. R. Civ. P. 25(d)(1); 42 U.S.C. § 405(g).

February 23, 2005. Plaintiff thereafter brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the "final decision" of the Commissioner.

In accordance with 28 U.S.C. § 636(b) and Local Rule 83.VII.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for a Report and Recommendation. On August 14, 2007, the Magistrate Judge filed a Report and Recommendation ("Report and Recommendation") in which he recommended that this action be remanded to the Commissioner to properly evaluate all of the evidence, including the medical records of Dr. Upadhyaya and Dr. McGill, and to properly consider Plaintiff's credibility. The Commissioner filed objections to the Report and Recommendation on August 31, 2007 ("Commissioner's Objections").

The court is charged with making a *de novo* determination of any portions of the Magistrate Judge's Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b).

## FACTS

Plaintiff was 38 years old at the time of the ALJ's decision in this case. She has a high school education and has worked in the past as a cashier, a secretary and a sales clerk. (Tr. 18.) She claims disability based on low back and knee pain, degenerative arthritis of both knees, a torn right rotator cuff, and depression. She also claims that she suffers from migraine headaches, panic attacks, fibromyalgia, restless leg syndrome, carpal tunnel syndrome and diverticulitis. (Tr. 18.) The record reflects that between January 2001 through the fall of 2003, Plaintiff was examined and treated for several different physical and psychiatric ailments.

On February 4, 2003, Plaintiff was examined by a psychiatrist, Dr. Upadhyaya. Dr. Upadhyaya opined that Plaintiff suffered from undiagnosed bipolar affective disorder and was on

suboptimal doses of antidepressants. He concluded that at the time of examining her, she was "incapacitated due to her depression and due to her physical ailments and her knee problems and is physically unable to work." (Tr. 388.) Two days later, on February 6, 2003, Plaintiff was examined by Dr. Douglas E. McGill, a physical medicine and rehabilitation specialist. Dr. McGill observed that Plaintiff's gait was slightly antalgic; that there was tenderness with the range of motion at her hip and knees; tenderness in her back; that her left knee had swelling; and that there was marked crepitance in her knee motion. (Tr. 391-92.)

The ALJ found Plaintiff's claims that she was completely unable to work to be exaggerated. He found her testimony lacked credibility because she had not mentioned the pains and symptoms she reported suffering from at the hearing, to her treating or examining doctors. The ALJ also found that Plaintiff's testimony lacked credibility because Plaintiff's subjective descriptions of her pain and symptoms appeared inconsistent with what Plaintiff was able to do on a daily basis. The ALJ also found Plaintiff's claim that she was unable to sleep as being inconsistent with her treating rheumatologist's report that Plaintiff's sleep patterns were "good." Based on these findings, the ALJ gave Plaintiff's testimony little weight. (Tr. 22.)

## STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Social Security Act provides, "the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than scintilla, but less than a preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971).

The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969). "The courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that his conclusion is rational." Vitek, 438 F.2d at 1157-58. The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. Richardson v. Perales, 402 U.S. 389, 401 (1971).

## DISCUSSION

**Opinions of the Two Consultative Examiners**

As his first objection, the Commissioner claims that the Magistrate Judge improperly concluded that the ALJ erred in giving less weight to the opinions of Dr. Upadhyaya and Dr. McGill. (Commissioner's Objections at 1-3.) The Commissioner argues that there is substantial evidence in the record to support the ALJ's decision to give the opinions of these two doctors less weight. (Id. at 3.) The Commissioner further contends that the Magistrate Judge "essentially re-weighed the evidence." (Id. at 3.) The court disagrees.

Generally, a non-examining doctor's opinion alone cannot constitute substantial evidence to support a decision and a treating doctor's opinion can be disregarded when there is persuasive evidence that contradicts the treating doctor's opinion. See Smith v. Schweiker, 795 F.2d 343, 345-46 (4th Cir. 1986). Additionally, when a doctor's testimony or opinion is unsupported by clinical evidence or in conflict with other substantial evidence, it is appropriate that it receive substantially

4

less weight in the disability determination.  See Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996); Blalock v. Richardson, 483 F.2d 773, 777 (4th Cir. 1972).

In this case, the ALJ afforded no weight to Dr. Upadhyaya's opinion because Dr. Upadhyaya did not formally diagnose Plaintiff with depression and gave the Plaintiff a global assessment of functioning ("GAF") score of 55 to 60.  The ALJ found Dr. Upadhyaya's findings to be inconsistent with his examination report, which noted, in part, that Plaintiff was "alert and oriented with good short and long term memory and no evidence of suicidal or homicidal ideation, delusions, or hallucinations."  The ALJ also found unreliable the fact that Dr. Upadhyaya reported Plaintiff's physical limitations but did not perform a physical examination.  (Tr. 23.)  However, as the Magistrate Judge notes, Dr. Upadhyaya also observed in his report that Plaintiff was "considerably depressed" and was on "subtherapeutic doses of antidepressant medication."  (Tr. 389.)  Dr. Upadhyaya also noted that although Plaintiff was alert and oriented in the beginning of his examination, later Plaintiff was extremely tearful and her mood was sad.  (Id.)  Additionally, Dr. Upadhyaya stated that Plaintiff suffers "from undiagnosed bipolar affective disorder . . . ."  (Id.)

Furthermore, other medical evidence in the record shows Plaintiff suffered from various mental health impairments.  The record includes a doctor's diagnosis from October 2001 to March 2002, that Plaintiff had an anxiety disorder, dysthymia, and dependent personality features.  (Tr. 19.) It is also reported that Plaintiff received counseling for problems associated with anxiety and mood disorders from May 2003 to December 2003.  (Tr. 21.)  As such, Dr. Upadhyaya's opinion regarding Plaintiff's depression was supported by his own examination, as well as the examination of other doctors.  Contrary to the Commissioner's assertions, the ALJ erred in affording Dr. Upadhyaya's opinion no weight.  Cf. Craig, 76 F.3d at 590; Blalock, 483 F.2d at 777.

The ALJ also afforded no weight to Dr. McGill's conclusions regarding the limitations caused

5

by Plaintiff's physical impairments. Dr. McGill's conclusions purportedly were contrary to the physical examination of Plaintiff. The ALJ also afforded no weight to Dr. McGill's conclusion regarding Plaintiff's mental illness because Dr. McGill did not perform a psychiatric evaluation. (Tr. 23.) Again, as the Magistrate Judge notes, during his examination of Plaintiff, Dr. McGill noted that Plaintiff had a slightly antalgic gait with decreased stance on the left; guarded her transitional movements; had limited abduction of her shoulder; tenderness to palpation of the cervical, thoracic region and paraspinal regions; tenderness with range of motion at hips and knees, as well as several other physical ailments to her knees. (Tr. 391.) Although there is medical evidence in the record that contradicts some of Dr. McGill's findings, (Tr. 20), there is also evidence in the record that is consistent with Dr. McGill's findings of Plaintiff's physical ailments. (Tr. 19, 21.) Although the record may support giving Dr. McGill's findings <u>less</u> weight, Dr. McGill's findings are not so contradictory to his own examination or other evidence that it should have been afforded <u>no</u> weight. See <u>Blalock</u>, 483 F.2d at 777.

**Credibility of Plaintiff's Testimony**

As his second objection, the Commissioner argues that the Magistrate Judge places form over substance when he determined that the ALJ failed to conduct the two-step analysis required to evaluate Plaintiff's credibility. (Commissioner's Objections at 3-4.) The Commissioner concedes the ALJ did not specifically address the first step of the two step analysis, i.e., whether there was objective evidence that any of Plaintiff's impairments could reasonably produce the pain alleged. The Commissioner argues that the ALJ's decision should be affirmed nonetheless because the ALJ clearly determined that Plaintiff's subjective complaints were inconsistent with the evidence as a whole.

The Fourth Circuit has set forth a two-step process for determining whether a person should

be found to be disabled on the basis of pain or other symptoms. See Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996). The first and threshold issue is whether there is objective medical evidence showing an impairment which "could reasonably be expected to produce the pain or other symptoms alleged." Craig, 76 F.3d at 594. Once a claimant has established such objective medical evidence, then the subjective claims of pain or other symptoms by the claimant should be reviewed. Id. at 595. The Fourth Circuit cautions that once such objective medical evidence has been presented, a claimant's subjective claims of pain cannot be dismissed simply because there is no objective evidence documenting the actual pain. Id. When an ALJ fails to evaluate the first step of this two step analysis, the case should be remanded. See id. at 596.

As the Magistrate Judge notes, the ALJ in this case did not follow the two-step procedure outlined in Craig. Rather, the ALJ jumped to the second step of the analysis and found the Plaintiff lacked credibility because she had not mentioned her pain to her doctors. The ALJ found that any pain and physical limitations Plaintiff testified to having, were in contrast to the activities she allegedly performed on a daily basis (i.e. driving, running errands, caring for her children and performing some household chores). (Tr. 22.) The ALJ here did not expressly consider whether Plaintiff showed through the use of objective medical evidence that she had an impairment which could reasonably cause the type of pain and other symptoms she claims to suffer from. (Id.)

The Commissioner cites to Mickles v. Shalala, 29 F.3d 918, 921 (4th Cir. 1994) as support for the proposition that the ALJ's decision should be affirmed despite the ALJ's failure to address the first step of the analysis. The Commissioner claims that in Mickles, the Fourth Circuit affirmed the ALJ's denial of benefits despite the ALJ's failure to address the first step of the analysis, because the ALJ would have reached the same result. (Commissioner's Objections at 4.) Although the Fourth Circuit in Mickles did affirm the ALJ's analysis of the claimant's subjective complaints, the

ALJ in that case actually considered whether objective medical evidence existed that showed the claimant had an impairment which could reasonably lead to her alleged subjective pains. See Mickles, 29 F.3d at 921 (quoting the ALJ as stating, "[w]hile the medical evidence does support a finding that the claimant has a severe impairment with regard to joint pain, peptic ulcer and gastrointestinal disease, and headaches . . . "). Mickles is inapposite. As such, the Commissioner's objection is without merit and this case should be remanded to the Commissioner for proper evaluation of Plaintiff's claims. See Craig, 76 F.3d at 596.

## CONCLUSION

After a thorough review of the Magistrate Judge's Report and Recommendation and the record in this case, the court concurs in the findings and recommendation of the Magistrate Judge's Report and Recommendation. Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), it is ORDERED that the Commissioner's decision to deny benefits be **reversed** and that the case be remanded to the Commissioner for further administrative action as set out herein.

**IT IS SO ORDERED**.

                                                  s/ Margaret B. Seymour
                                                  Margaret B. Seymour
                                                  United States District Judge

Columbia, South Carolina
September 26, 2007